Filed 7/27/15  P. v. Thompson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY LAMAR THOMPSON,<br><br>    Defendant and Appellant. | B261188<br><br>(Los Angeles County<br>Super. Ct. No. LA023004) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Timothy Lamar Thompson, in pro. per., and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Following a plea agreement, Timothy Lamar Thompson was convicted in 1996 of second degree robbery with special findings he had suffered one serious felony conviction within the meaning of Penal Code section 667, subdivision (a),[1] and three serious or violent felony convictions within the meaning of the three strikes law. The trial court sentenced Thompson to an aggregate indeterminate state prison term of 30 years to life.

On October 24, 2014 the trial court denied with prejudice Thompson's petition for recall of sentence pursuant to section 1170.126 on the ground Thompson was ineligible for resentencing under section 1170.126, subdivision (e)(2), because his current conviction was for robbery, a serious and violent felony (§§ 1192.7, subd. (c)(19); 667.5, subd. (c)(9)). Thompson appealed.

We appointed counsel to represent Thompson on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On March 20, 2015 we advised Thompson he had 30 days within which to personally submit any contentions or issues he wished us to consider.

On April 6, 2015 we received a six-page typed response in which Thompson does not dispute that his 1996 conviction for robbery makes him statutorily ineligible for resentencing. Instead, Thompson argues the application of section 1170.126 deprived him of his right to equal protection by depriving him of the opportunity, unlike inmates serving a third strike sentence for an offense not defined as a serious or violent crime, to demonstrate that resentencing him as a second strike offender would not pose an unreasonable risk of danger to public safety. Because those two groups of inmates serving third strike sentences are not similarly situated, Thompson has failed to state a viable equal protection claim. (*People v. Brown* (2012) 54 Cal.4th 314, 328 [first prerequisite to an equal protection claim is to show state adopted a classification affecting similarly situated groups in an unequal manner].)

---

[1] Statutory references are to this code.

We have examined the entire record and are satisfied Thompson's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSTION**

The order is affirmed.

PERLUSS, P. J.

We concur:

ZELON, J.

SEGAL, J.